LA FORCE v. CASPIAN REALTY CO.

1. CONTRACTS—RESCISSION—RULE REQUIRING PROMPT RESCISSION HAS EXCEPTIONS.

> The rule requiring a party intending to rescind a contract to do so by prompt notice has exceptions, such as delay occasioned by negotiations looking to an amicable settlement.

2. SAME—RESCISSION—WAIVER—LACHES.

> Although the right to rescind a contract may be waived by acts showing an affirmance or by inexcusable delay, neither waiver or laches arise out of consistent insistence upon rights during pendency of efforts toward an amicable adjustment.

3. VENDOR AND PURCHASER—CAUSE FOR RESCISSION.

> Failure of the vendors to give vendees possession of all the land sold to them is cause for rescission of the contract.

[1]Contracts, 13 C. J. § 670; [2]Id., 13 C. J. § 686; [3]Vendor and Purchaser, 39 Cyc. p. 1415.

4. SAME — WAIVER — LACHES—RIGHT TO RESCIND NOT LOST BY
   TAKING RENTALS PENDING NEGOTIATIONS.
   Where the vendors were unable to give to vendees pos-
   session of all of the land sold them, and agreed to en-
   deavor to have an adjoining alley vacated and obtain the
   land for vendees, which was satisfactory to the latter, they
   were entitled, during the negotiations, to use the property
   in their possession, take the avails thereof, inclusive of
   rentals, and maintain the *status quo* by payments on the
   contract, subject, however, to judicial adjustment if
   amicable adjustment failed and rescission followed.

5. SAME — REASONABLE DILIGENCE IN NEGOTIATIONS LOOKING TO
   SETTLEMENT REQUIRED—INEXCUSABLE DELAY GROUND FOR RES-
   CISSION.
   If the vendors did not exercise reasonable diligence in
   their efforts to bring about a vacation of the alley within
   a reasonable time, and their efforts to such end were pro-
   longed by inexcusable inaction, then the vendees, after
   waiting a reasonable time, had a right to rescind.

Error to Dickinson; Flannigan (Richard C.), J.
Submitted April 5, 1928.    (Docket No. 55.)    Decided ·
June 4, 1928.

Assumpsit by Joseph La Force and another against
the Caspian Realty Company for money paid on a
rescinded contract.    Judgment for plaintiffs.    De-
fendant brings error.    Affirmed.

*Symonds & Rahm,* for appellant.

*Derham & Derham,* for appellees.

WIEST, J.    This is an action at law to recover, under
rescission, payments made upon a contract of purchase
of real estate and the value of benefits conferred upon
the property by improvements.    Defendant company
owned a parcel of real estate in the city of Iron
Mountain, and, February 16, 1925, sold to plaintiffs,
on contract, a portion thereof, designated by metes

[4]Vendor and Purchaser, 39 Cyc. p. 1432; [5]Id., 39 Cyc. p. 1532;
6 R. C. L. 934; 3 R. C. L. Supp. 249; 6 R. C. L. Supp. 420.

and bounds. At the time of the sale the ground was covered with snow. When the snow left plaintiffs found that a dwelling house, sold by defendant to another, occupied 20 feet of the land they had purchased. This was brought to the attention of defendant and negotiations were carried on between the parties for an amicable adjustment. The purchaser of the encroaching dwelling objected to removal of his house. At the other side of the premises purchased by plaintiffs was a 20-foot public alley, and across the alley was property being sold by defendant under land contract. Defendant agreed to endeavor to have the alley vacated and obtain the land for plaintiffs. This was agreeable to plaintiffs, if it could be accomplished. Steps were taken by defendant to have the city council vacate the alley but rested for many months without action. Plaintiffs finally gave notice of rescission and brought this suit. At the close of the proofs in the circuit defendant moved for a directed verdict on the ground that when plaintiffs discovered the shortage they did not announce their purpose to rescind and adhere to it, but, without definite assurance of ever getting the alley, went ahead and made a number of improvements, rented a portion of the premises, and continued to make payments, and were, therefore, guilty of laches and waived right to have rescission. This motion was denied and the case submitted to the jury. Plaintiffs had verdict and judgment. Defendant reviews by writ of error.

Defendant urges application of the rule requiring a party intending to rescind a contract to do so by prompt notice. This rule has exceptions. A right to rescind may, of course, be waived by acts showing an affirmance of the contract or by inexcusable delay, but neither waiver or laches arise out of consistent insistence upon rights during pendency of efforts toward an amicable adjustment.

In *Plate* v. *Surety Co.,* 229 Mich. 482, we stated the rule applicable to the instant case, as follows:

"Time alone is of slight significance and when it appears, as it does here, that the delay was occasioned by efforts to reach an amicable adjustment, with offers and counter offers, the time so taken and the efforts so made cannot be counted as a time of sleeping on rights or an intention to forego remedy."

But it is said that plaintiffs, under use and occupation, inclusive of receipt of rentals and also in making improvements, could not, after many months, rescind. During negotiations toward an amicable adjustment of acknowledged and just rights of plaintiffs to have the land sold them, or the quantity thereof supplied, they had a right to use the property in their possession, take the avails thereof, inclusive of rentals, maintain the *status quo* by payments on the contract, all subject, however, to judicial adjustment if amicable adjustment failed and rescission followed.    Defendant did not give plaintiffs possession of all the land sold to them.    Its failure to do so was cause for rescission, and such cause could have been obviated, if agreeable to plaintiffs, by freeing the land of the encroachment. This was not done.    A pecuniary composition, satisfactory to plaintiffs, with binding credit to the amount thereof indorsed upon the contract, would have prevented rescission.    This was not done.    The shortage might have been supplied if the alley had been vacated.    That was a method of adjustment intended, and contemplated vacation of the alley, but efforts to such end were prolonged by inexcusable inaction of defendant until after rescission and commencement of this suit.

The trial judge instructed the jury:

"If you find that the defendant, the Caspian Realty Company, did undertake and agree with LaForce to use its best efforts to bring about a vacation of the alley, then the rule of law would be this, that if it

made such an agreement, it was obliged to be in the exercise of due and reasonable diligence to bring about a vacation of the alley or to ascertain that it could not be done.    And Mr. LaForce on his side was obligated to wait upon the Caspian Realty Company for a reasonable time; for such time as was reasonable to allow the Caspian Realty Company to ascertain whether they could bring about a vacation of the alley or could not. But Mr. LaForce was not obligated to wait upon the Caspian Realty Company longer than such time as was reasonable, under all the circumstances and surroundings in this matter.    *    *    *

"February 28, 1927, was the date when Mr. LaForce served notice on the Caspian Realty Company of their rescinding of this land contract.    Now, this is the question:    On that day, February 28, 1927, had the Caspian Realty Company had a reasonable time within which to ascertain whether or not the alley could be vacated?    Had they used due diligence to ascertain that fact?    If on the 28th day of February, 1927, the defendant had already had a reasonable time within which to bring about this matter of ascertaining whether or not it could be done, then LaForce had a right to rescind.    But if the Caspian Realty Company had not had, on that date, reasonable time within which to bring this matter about, or ascertain that it could not be brought about, then LaForce did not have a right to rescind."

This instruction aptly laid before the jury the real issue of fact in the case and clearly stated the applicable rule of law.

We find no reversible error and the judgment is affirmed, with costs to plaintiffs. •

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.